1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**

7          **SOUTHERN DISTRICT OF CALIFORNIA**

8
                                                    Case No.  13-CV-144-IEG (WMC)
9   JELLYBEAN ENTERTAINMENT,
    INC., dba MAGICTV BOX,                          **ORDER:**
10
                                  Plaintiff,        •     **DENYING DEFENDANTS'
11                                                        MOTION TO DISMISS
        vs.                                              WITHOUT PREJUDICE; AND**
12
                                                    [Doc. No. 15]
13
    USNILE LLC, et al.,                             •     **DENYING DEFENDANTS'
14                                                        MOTION TO STAY; AND**
                                  Defendants.
15                                                  [Doc. No. 27]

16
            Before the Court are Defendants' motion to dismiss and motion for stay of
17
    hearing on Plaintiff's motion for preliminary injunction. For the following reasons,
18
    both motions are **DENIED**.
19
                                      **BACKGROUND**
20
            On January 17, 2013, Plaintiff filed a complaint alleging copyright
21
    infringement and related claims arising from Defendants' purported broadcasting
22
    and distribution of Arabic language television channels for which Plaintiff owns
23
    exclusive broadcast and distribution rights.  [Doc. No. 1.]  On March 22, 2013,
24
    Plaintiff filed a motion for a preliminary injunction.  [Doc. No. 4.]  On April 8,
25
    2013, as Defendants had failed to answer or otherwise respond to the complaint, the
26
    Court entered default.  [Doc. No. 12.]
27
            On April 18, 2013, Defendants filed a motion to set aside default and a motion
28
    to dismiss.  [Doc. Nos. 14, 15.]  On May 13, 2013, the Court took Plaintiff's motion

                                          - 1 -                              13cv144

for preliminary injunction under submission and vacated the hearing thereon. [Doc. No. 20.] On May 16, 2013, Defendants filed a motion to stay of hearing on preliminary injunction without obtaining a hearing date from chambers or properly moving *ex parte*. [Doc. No. 27.]

## DISCUSSION

### I. Defendants' Motion to Dismiss

"The Clerk of Court's entry of default cuts off a defendant's right to appear in an action." *Transamerica Life Ins. Co. v. Shubin*, 2012 WL 5364645, at \*2 (E.D. Cal. Oct. 31, 2012) (internal quotation omitted). "A defendant's remedy if a defendant wants to set aside default and defend an action . . . is for the defendant to file a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure." *Transamerica Life*, 2012 WL 5364645, at \*2. Accordingly, "a party in default is generally precluded from participating in the case until the entry of default has been set aside." *Joe Hand Productions, Inc. v. Estrada*, 2011 WL 1232606, at \*1 n.1 (E.D. Cal. March 31, 2011). Here, as it was filed after default, [*see* Doc. Nos. 12, 15], Defendants' motion to dismiss is precluded and thus **DENIED WITHOUT PREJUDICE**.

### II. Defendants' Motion For Stay

Defendants move to stay the hearing on Plaintiff's motion for preliminary injunction "[p]ursuant to Fed. R. Civ. P. 62(b) until such time as the Court has issued its ruling on the Defendants' Motion to Dismiss." [Doc. No. 27 at 1.] The Court's ruling *supra* on Defendants' motion to dismiss renders moot Defendants' motion to stay. Moreover, Rule 62(b) pertains only to post-judgment motions and no judgment has been entered in this case. *See* Fed. R. Civ. P. 62(b). Accordingly, Defendants' motion to stay is **DENIED**.

   **IT IS SO ORDERED.**

**DATED:** May 16, 2013

**IRMA E. GONZALEZ**

**United States District Judge**

13cv144