1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                  **SOUTHERN DISTRICT OF CALIFORNIA**
8
9   JELLYBEAN ENTERTAINMENT,           Case No.  13-CV-144-IEG (WMC)
    INC.,
10                                      **ORDER:**
                          Plaintiff,
11                                      **1.    GRANTING DEFENDANTS'**
        vs.                                    **MOTION TO SET ASIDE**
12                                             **DEFAULT; AND**

13                                      [Doc. No. 14]

14  USNILE LLC, et al.,                 **2.    DENYING DEFENDANTS'**
                                               **MOTION FOR EXTENSION**
15                        Defendants.          **OF TIME TO FILE A**
                                               **RESPONSIVE PLEADING.**
16                                      [Doc. No. 32]
17

18        Before the Court are Defendants' motions to set aside the default, [Doc. No.

19  14], and for a 30-day extension of time to file a responsive pleading, [Doc. No. 32].

20  For the reasons below, the Court hereby **GRANTS** Defendants' motion to set aside

21  default and **DENIES** Defendants' motion for an extension.

22                              **BACKGROUND**

23        On January 17, 2013, Plaintiff filed a complaint alleging copyright

24  infringement and related claims arising from Defendants' purported broadcasting

25  and distribution of Arabic language television channels for which Plaintiff owns

26  exclusive broadcast and distribution rights.  [Doc. No. 1.]  Defendants were served

27  with the complaint on January 31, 2013.  [*See* Doc. Nos. 9, 10.]

28        On March 22, 2013, Plaintiff moved for a preliminary injunction.  [Doc. No.

4.] Defendants failed to oppose Plaintiff's motion for preliminary injunction. On April 4, 2013, defense counsel, Aiman Ibrahim applied for admission *pro hac vice*, which admission was granted on April 5, 2013. [Doc. No. 7.] On April 8, 2013, as Defendants had failed to answer or otherwise respond to the complaint, the Court entered default. [Doc. No. 12.]

On April 18, 2013, Defendants filed the present motion to set aside default as well as a motion to dismiss. [Doc. Nos. 14, 15.] On May 16, 2013, without obtaining a hearing date from chambers or properly moving *ex parte*, Defendants filed a motion to stay the scheduled hearing on Plaintiff's motion for preliminary injunction pending ruling on Defendants' motion to dismiss. [Doc. No. 27.] That same day, May 16, 2013, the Court denied Defendants' motion to dismiss because it was filed after default, and consequently denied as moot Defendants' motion to stay. [Doc. No. 28.]

On June 11, 2013, Plaintiff filed an opposition to Defendants' motion to set aside default. [Doc. No. 29.] Defendants failed to file a reply brief in support of the motion to set aside default. On June 19, 2013, the Court granted Plaintiff's motion for preliminary injunction. [Doc. No. 31.]

On June 24, 2013, Defendants filed a motion for a 30 day extension for filing a responsive pleading, again without obtaining a hearing date from chambers or properly moving *ex parte*. [Doc. No. 32.] The Court heard oral argument from the parties on June 25, 2013. [*See* Doc. No. 33.]

## DISCUSSION

## I.     Motion to Set Aside Default

Pursuant to Federal Rule of Civil Procedure 55(c), a district court may set aside the entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). To determine "good cause," a court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; and (3) whether setting aside the default would prejudice the other party. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th

Cir. 2010). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* But in considering a motion to set aside entry of default, courts must bear in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### 1. Culpability

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). "The term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092.

Defendants here do not dispute receiving actual notice or being aware of the deadline to respond. Rather, defense counsel attributes the delay to an inability to find local counsel willing to support his *pro hac vice* admission. Fed. R. Civ. P. 12 generally provides that Defendants must file a responsive pleading within 21 days of receiving service. In this case, Defendants were served January 31, 2013. But defense counsel did not even apply for admission *pro hac vice* until April 4, 2013, approximately 6 weeks after a responsive pleading was due. While defense counsel's delay reflects inexcusable lack of diligence, nothing in the record suggests bad faith. Thus, Defendants are not "culpable" for the purposes of this motion.

### 2. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700 (citations omitted). "All that is necessary to satisfy the 'meritorious defense'

requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094.

Here, Defendant asserts the "first to file rule" as a meritorious defense. The first to file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The "rule promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.*, 2012 WL 588792, at *2 (N.D. Cal. Feb. 22, 2012). Though the first to file "should not be disregarded lightly," *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991), it is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. As such, the Ninth Circuit recognizes a range of exceptions to the first to file rule, including bad faith, anticipatory suit, and forum shopping. *See Alltrade*, 946 F.2d at 628. A court may also decline to apply the first to file rule when the balance of convenience weighs in favor of the later-filed action. *See id.* at 628.

Plaintiff contends that Defendants provide only conclusory allegations, without supporting documents or declarations, and thus fail to establish the first to file rule as a meritorious defense. Plaintiff misconstrues the burden at this stage; the Court need not determine whether the first to file rule in fact applies. Rather, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. Assuming Defendants' allegations as true, the first to file rule would constitute a defense and thus qualifies as a meritorious defense for the purposes of the present motion. Thus, this factor weighs in favor of setting aside the default.

### 3. Prejudice

In determining whether the plaintiff will be prejudiced, "the standard is

whether [plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (9th Cir. 1996).

Here, nothing suggests any prejudice to Plaintiff beyond simple delay. Plaintiff's contention that setting aside default causes prejudice by excusing six months of infringement is unpersuasive in at least two respects: (1) Plaintiff did not move for an injunction until March 22, 2013, months after filing the complaint, which delay undermines the purported urgency and severity of past harm; and (2) an order enjoining Defendants' alleged copyright infringement and unfair business practices already issued, which undermines the risk of future harm. [Doc. No. 31.] Whether Defendants are in fact violating the Court's injunction order is not presently before the Court. Thus, the absence of prejudice to Plaintiff weighs in favor of setting aside the default.

Because Defendants' conduct is not culpable, Defendants have a meritorious defense, and Plaintiff will not be prejudiced, the Court **GRANTS** Defendants' motion to set aside the default.

## II. Motion for Extension

Defendants' motion for an extension of time was filed after default. It is thus precluded. [*See* Doc. No. 28 (explaining that "[t]he Clerk of Court's entry of default cuts off a defendant's right to appear in an action" and thus that motions, except to set aside default, "filed after default . . . [are] precluded."); *see also Transamerica Life Ins. Co. v. Shubin*, 2012 WL 5364645, at *2 (E.D. Cal. Oct. 31, 2012). Accordingly, Defendants' motion for an extension of time is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to set aside the default, [Doc. No. 14], and **DENIES** Defendants' motion for an extension,

[Doc. No. 32].  Defendants shall answer or otherwise respond to Plaintiff's complaint <u>on or before July 23, 2013.</u>

**IT IS SO ORDERED.**

**DATED:**   June 26, 2013

**IRMA E. GONZALEZ**

**United States District Judge**